`IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SAYRE ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:06CV00036 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Sayre Enterprises, Inc. ("Sayre") brings this action against Allstate Insurance Company ("Allstate"), alleging that the defendant breached an insurance policy. Jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332(a). The case was filed in the Circuit Court for Augusta County on April 12, 2006. On May 9, 2006, the defendant removed the case to this court. The case is currently before the court on the plaintiff's motion to remand. For the reasons stated in this Memorandum Opinion, the court will deny the plaintiff's motion to remand.

## BACKGROUND

The plaintiff filed suit in the Circuit Court for Augusta County on April 12, 2006. On May 8, 2006, the defendant filed an answer and grounds of defense. The defendant also filed a motion craving oyer and demurrer, and objections to the plaintiff's first set of discovery requests.

One day later, on May 9, 2006, the defendant filed a notice of removal in the Harrisonburg Division of the Western District of Virginia. The plaintiff filed a motion to remand to the Circuit Court for Augusta County, claiming that the defendant had waived its right to remove the case by filing responsive pleadings in state court and requesting affirmative relief. The defendant responded, and a hearing on the matter was held on July 26, 2006.

## STANDARD OF REVIEW

The case is presently before the court on the plaintiff's motion to remand, which alleges that the defendant waived its right to remove to federal court. A party seeking removal must establish that federal jurisdiction exists. Mulcahey v. Colombia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). This court strictly construes removal jurisdiction, and, if federal jurisdiction is in doubt, remand is necessary. Id. The determination of whether the defendant demonstrated an intent to waive the right to remove to federal court is a factual determination. Aqualon Co. v. MAC Equip. Inc., 149 F.3d 262, 264 (4th Cir. 1998).

## DISCUSSION

According to the plaintiff, Allstate waived its right to remove this case to federal court by taking "deliberate actions and request[ing] affirmative relief" of the Circuit Court of Augusta County, Virginia. The defendant responds that it did not waive its rights by filing documents in state court.

A defendant can remove a case to federal district court if the district court would properly have original jurisdiction. 28 U.S.C. § 1441(a). To remove a case, a defendant must file a notice of removal within thirty days after the receipt of the initial pleading. 28 U.S.C. § 1446(b).

Even if a case would fall under the jurisdiction of a federal district court, a defendant can waive its right to remove. The United States Court of Appeals for the Fourth Circuit has held that a defendant can waive its right to remove a case to federal court by "demonstrating a clear and unequivocal intent to remain in state court." Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991) (citing Rothner v. City of Chicago, 879 F.2d 1402, 1415 (7th Cir. 1989)) (internal quotations omitted). The Court specified that waiver should only be found in extreme

2

circumstances.  Id.  Remand based on waiver should occur when justified by "the values of judicial economy, fairness, convenience and comity."  Id. (citing Rothner, 879 F.2d at 1416).

Clear intent to remain in state court is shown when a defendant takes "substantial defensive action" before removal.  Aqualon, 149 F.3d at 264.  For example, a defendant seeking a final determination on the merits of the case in state court would waive the right to remove. Wolfe v. Wal-Mart Corp., 133 F. Supp. 2d 889, 893 (N.D. W.Va. 2001) (holding that the defendant's filing of a motion for summary judgment in state court constituted waiver).

The court believes that these principles are persuasive, and properly control disposition of the instant motion.  If a defendant could remove a case to federal court after a final and unfavorable determination had been made on the merits of the case in state court, he would be able to litigate the same case twice.  This situation is precisely what must be avoided in the interests of judicial economy, fairness, convenience, and comity.  These concerns would not be implicated, however, if a defendant has not taken substantial action in state court and a state court has not reached a final determination on the merits of the case.

The plaintiff and defendant disagree on whether the actions taken by Allstate are so substantial as to waive removal.  Prior to removal, the defendant filed an answer and grounds of defense, a motion craving oyer and demurrer, and objections to plaintiff's first set of discovery requests.  The plaintiff claims that Allstate clearly took actions that demonstrated its submission to the jurisdiction of the state court and did not show any intent to remove to federal court.  The plaintiff contends that the motion craving oyer and demurrer clearly demonstrates intent to litigate in state court because there is no such procedure in federal practice.  The plaintiff also notes that time constraints did not require that the motions be filed prior to removal.

Other district courts have found that the mere filing of a demurrer in state court does not result in the defendant waiving the right to remove. Hildreth v. Gen. Instrument, Inc., 258 F. Supp. 29 (D. S.C. 1966). Cf. Krasnow v. Texaco, Inc., 773 F. Supp. 806 (E.D. Va. 1991) (finding that a case cannot be removed after a decision on a demurrer, and distinguishing the situation from that in which a demurrer is merely filed). The defendant does not waive the right to remove by filing a pleading in state court that raises a conclusive defense; waiver requires some further action by the defendant that results in a decision on the merits of the case. Krasnow, 773 F. Supp. at 808-09. The court concludes that the mere filing of a demurrer does not waive a defendant's right to remove, without further action on the part of the defendant leading to a decision on the merits.

According to the reasoning of the United States District Court for the District of South Carolina in Hildreth, failing to allow removal after a demurrer has been filed would defeat Congress' intent in amending the removal statute to allow more time for filing a notice of removal. A notice of removal would always have to be filed in less than 20 days in South Carolina, before the time for filing a demurrer had elapsed. Hildreth, 258 F. Supp. at 30-31. Virginia law also allows less time for filing responsive pleadings than is allowed for filing a notice of removal. See Va. Supreme Court Rule 3:5 (allowing responsive pleadings to be filed within 21 days after service of process). These timing considerations further support the conclusion that the mere filing of a demurrer should not foreclose the possibility of removing a case to federal court.

The United States District Court for the District of South Carolina has also addressed the issue of whether a motion to shorten the time for discovery responses resulted in the defendant

4

waiving the right to remove to district court. The Court found that the motion, filed in conjunction with a motion to vacate a default judgment, was different from the type of "substantial action" required for waiver. Hawes v. Cart Products, Inc., 386 F. Supp. 2d 681, 687 (D. S.C. 2005). Similarly, the filing of objections to the plaintiff's first set of discovery requests in state court is not the type of substantial action that would constitute waiver.

Based on the decisions of other district courts in the Fourth Circuit, and the principle that waiver should only be found in "extreme" situations, the court concludes that Allstate did not waive its right to remove to district court. The defendant did not take any "substantial affirmative or defensive action" by filing an answer and grounds of defense, a motion craving oyer and demurrer, and objections to the plaintiff's first set of discovery requests. Even in combination, the pleadings filed by the defendant in state court do not constitute the type of "extreme situation" that would justify a finding of waiver. See Grubb, 935 F.2d at 59.

## CONCLUSION

The plaintiff's motion to remand will be denied, because jurisdiction is proper in federal district court and the defendant did not waive its right to remove by filing an answer and grounds of defense, a motion craving oyer and demurrer, and objections to discovery requests in state court.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 30th day of August, 2006.

/s/ Glen E. Conrad
United States District Judge