CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 1 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/ H. Bolton
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

| | |
|---|---|
| SAYRE ENTERPRISES, INC., | Civil No. 5:06cv00036 |
| Plaintiff | |
| | MEMORANDUM OPINION |
| v. | & ORDER |
| | By: Hon. James G. Welsh |
| ALLSTATE INSURANCE COMPANY, | U. S. Magistrate Judge |
| Defendant | |

This case was previously referred to the undersigned for resolution of all non-dispositive motions and issues. Pursuant thereto, it is now pending on motion of Sayre Enterprises, Inc. ("Sayer") seeking entry of an order requiring Allstate Insurance Company ("Allstate") to produce certain documents withheld, either in whole or in part, on the basis of a claim of attorney-client privilege and to overrule Allstate's objection to certain admission requests previously propounded by Sayre.

## I.   Background

Prior to the institution of the action now pending before this court, Sayre sued and later settled an equity claim against Larry Arntz, Inc. ("LAI"), and several of its employees. Therein, Sayre alleged *inter alia* that LAI and its named employee co-defendants engaged in a pattern and practice of unfair competition and the unauthorized use of certain trade names and intellectual property rights belonging to Sayre. After Sayre's institution of the state court chancery proceeding in late April 2004, LAI placed Allstate, its business liability insurer, on notice of Sayre's claim and demanded overage protection pursuant to the terms of the insuring agreement. On June 9 and again on July 1, 2004, Allstate in

writing denied having any policy obligation either to furnish counsel or to pay any judgment obtained against LAI or its employees by Sayre. *See* plaintiff's exhibit 1.

As part of Sayre's subsequent settlement of the Virginia state court action, it received a written assignment of all rights and claims that LAI and individual defendants had, or might have, against Allstate by reason of its failure either to defend or to indemnify. Pursuant to its rights under this assignment, Sayre instituted the action currently pending in this court in which it seeks to recover $100,000.00 for Allstate's breach of its indemnity obligation and approximately $159,000.00 in attorneys fees and costs incurred by LAI and its employees. In addition, pursuant to Virginia Code Section 38.2-209 (1950, as amended) Sayre also seeks recovery of its costs and attorneys fees incurred in prosecuting the pending contract action against Allstate.

Federal jurisdiction is founded on diversity of citizenship. 28 U.S.C. § 1331. Application of Virginia law to the issue presented by Sayre's motion is required. *See* Rule 501, Federal Rules of Evidence. *See also United States v. Lentz*, 419 F.Supp.2d 820, 826 (EDVa, 2005); *Mordesovitch v. Westfield Ins. Co.*, 235 F. Supp. 2d 512, 515 (SDWVa, 2002). The courts consideration of this issue must be guided generally by "the principles of the common law . . . as interpreted by the courts . . . in light of reason and experience," and of necessity consideration of this issue must be made on a case-by-case basis. Rule 501, Federal Rules of evidence; *Upjohn Co. v. United States*, 449 U.S. 383, 396-97, 101 S.Ct. 677, 684, 66 L.Ed.2d 584, 596 (1981) ("While such a 'case-by-case' basis may to some slight extent undermine desirable certainty in the boundaries of the attorney-client privilege, it obeys the spirit of the Rules.").

2

## II. Facts

In response to Sayre's request for production of a full and complete copy of the carrier's file material pertaining to the LAI claim, Allstate provided substantial file material and a Privilege Log identifying eight documents totaling eighteen pages [1] it declined to produce on the ground that they were protected from disclosure by the attorney-client privilege. The eight documents described in Allstate's privilege log are the following:

| Document | | |
|---|---|---|
| Letter re coverage opinion (05/27/04); | sender:<br>recipient(s): | Counsel<br>Richard Harding, Allstate |
| E-mail re assignment (05/13/04); | sender:<br>recipient(s): | Counsel<br>Richard Harding, Counsel |
| Evaluation of Case; | sender:<br>recipient(s): | Richard Harding<br>Counsel |
| Billing Documents/Invoices and Checks paid to Counsel; [2] | sender:<br>recipient(s): | Counsel<br>Richard Harding, Allstate |
| Letter re case; | sender:<br>recipient(s): | Richard Harding<br>Counsel |
| Fax re pleadings filed; | sender:<br>recipient(s): | Counsel<br>Richard Harding, Allstate |
| Letter re case; | sender:<br>recipient(s): | Richard Harding<br>Counsel |

---

[1] At the hearing on Sayre's motion, it's counsel narrowed the motion to exclude the withheld documents (six pages) pertaining to the bills from and payments to Allstate's coverage counsel in this matter.

[2] See previous foot note.

3

Having provided Sayre with a privilege log identifying the nature of each withheld document, to whom it was sent, by whom it was prepared, its preparation date and a general reference to its content, Allstate has complied with its Rule 26(b) and 34(b) obligations in this matter. Moreover, in the opinion of the undersigned, the restricted scope, the detail and the specificity of the privilege log constitute a *prima facie* showing of its entitlement herein to rely on the privilege.

In response to certain requests for admission subsequently propounded by Sayre, Allstate again asserted the attorney-client privilege and declined either to affirm or deny that its decision to deny coverage to LAI was based on the advice of counsel. After hearing the views of counsel, the undersigned orally directed Allstate to respond to the three requests for admission [3] on the ground that they were not intended to disclose the substance of any confidential attorney-client communication but were instead intended to establish only the general purpose of work performed by Allstate's coverage counsel. *See United States v. Under Seal*, 204 F.3d 516, 520 (4th Cir. 2000).

### III. Discussion

#### A. Allstate's Contention

---

[3] Given the possibility that Allstate's disclosures would be viewed as a broad waiver of the attorney-client privilege protection by a reviewing court, the ruling requiring Allstate to answer was made with an express understanding that the responses were to be made with a full reservation of the attorney-client privilege protection Allstate had asserted. See generally Saltzberg *et al*, Federal Rules of Evidence Manual § 501.25[k][v] at 501-54 (*In re Grand Jury Proceedings*, 727 F.2d 1352 (4th Cir. 1984) (cited for the proposition that the Fourth Circuit has a "strict liability" approach to any even inadvertent disclosure of privileged information).

4

In essence, it is Allstate's contention that the ultimate decision to deny coverage under the LAI policy was made by Richard Harding after soliciting and receiving the advice of counsel concerning the issue of coverage, that each of the withheld documents directly pertains to the advices solicited or received, that the privilege exists to protect both the giving of information to the lawyer and the professional advice given, and that it has not affirmatively placed the advice of counsel in issue so as to waive the privilege.

### B.  Sayre's Contention

Arguing that Allstate, by its evident reliance on the advice of counsel and/or by its apparent invocation of this defense in its responsive pleading, [4] waived its right to rely on the privilege's protection, Sayre contends it is entitled to know how the decision to deny coverage came into being.

### C.  Issue

The critical issue in this case is whether the documents sought by Sayre from Allstate's claims file fall within the scope of a still un-waived attorney-client privilege, and, if so, whether they may be withheld from discovery in a statutory bad faith action against an insurer.

### D.  Attorney-Client Privilege

---

[4] In its Seventh Defense, Allstate pleads, "The decisions of Allstate . . . were reasonable, and appropriate and supported by an appropriate interpretation of the policy, and the law in the Commonwealth of Virginia."

5

In Virginia, it appears to be "well-settled that between an attorney and his client confidential communications made because of that relationship and concerning the subject matter of the attorney's employment, are privileged from disclosure, even for the purpose of administering justice. [Citing cases]." *Seventh Dist. Committee v. Gunter*, 212 Va. 278, 287, 183 S.E.2d 713, 719 (1971) ( *quoting Grant v. Hill,*.116 Va. 642, 648-49, 82 S.E. 718, 719 (1914). It is equally well-settled that the privilege is for the benefit of the client and may be waived. *See Tate v. Tate*, 75 Va. 522, 533 (1881).

Settled Supreme Court case law similarly appears to establish that a waiver of the privilege requires no particular formality and may be either express or implied from the client's conduct. *Blackburn v. Crawford's Lessee*, 70 U.S. 175, 194, 18 L. Ed. 186, 194 (1865); *Glover v. Patten*, 165 U.S. 394, 407-8, 17 S. Ct. 411, 416, 41 L. Ed. 760, 768 (1897).

When applicable, the privilege protects completely from disclosure all confidential communications between a lawyer and his or her client. *See Trammel v. United States*, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); *In re Grand Jury Subpoena*, 204 F.3d 516, 519-20 (4th Cir. 2000); *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). The protection applies equally to communications between a corporate party and its in-house counsel and to its communications with any retained outside counsel. *See Upjohn Co. v. United States*, 449 U.S. at 389-90. Furthermore, the protection extends not only to documents authored by an attorney but also to information and queries submitted to him by his or her client, *Id.* at 390 (the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); *In re Allen*, 106 F.3d 582, 601 (4th Cir. 1997) (*applying Upjohn Co. v. United States* ).

6

### E. Claim of Privilege

Although the Fourth Circuit in *In re Grand Jury Proceedings*, 727 F.2d 1353 (4th Cir. 1984), narrowly interpreted the scope of the attorney-client privilege because its application "'impedes [the] full and free discovery of the truth' and is 'in derogation of the public's right to every man's evidence,'" it also noted that "'the essence of the privilege' is that the communication was intended to be confidential." *Id.* at 1355. Consistent with this policy, the privilege asserted herein by Allstate must be recognized only when, as a client, it has consulted an attorney for the purpose of securing a legal opinion, and not "for the purpose of committing a crime or tort," and in connection with that consultation it has communicated information which was intended to be kept confidential. *In re Grand Jury Subpoena*, 415 F.3d 333, 338-39 (4th Cir. 2005).

Unless there was disclosure to strangers, a finding favorable to Allstate is, therefore, compelled. *See Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). In the case now before the court, Allstate was unquestionably a client of its coverage counsel. Each of the withheld communications was either to or from a licenced attorney. Each pertained to information being provided by Allstate, and each of the communications was for the purpose of securing legal services or a legal opinion.

### F. Claim of Waiver By Allstate's Answer

Although Allstate denies that it has pled an "advice of counsel" defense, Sayre argues that integral to its action against Allstate is a bad faith claim in which the advice of counsel is factually

7

intertwined with its claim and in which the language Allstate's answer [5] makes any advice of counsel relevant for purposes of discovery. In making this argument, Sayre cites the court to *Jones v. Nationwide Ins. Co.*, 2000 WL 1231402 (MDPa). Therein, the district court found that almost identical language in Nationwide's responsive pleading made "the advice of counsel relevant for purposes of discovery." However, in *George v. Wausau Ins. Co*, 2000 U.S. Dist. LEXIS 16813 (EDPa), at page 8 similar language in the insurance company's answer was found not to constitute an assertion of the "advice of counsel" defense.

Upon a careful reading of both cases, the undersigned finds the *George* analysis to be compelling. As the court therein observed,

> Advice of counsel, . . . is not in issue simply because it is relevant or because the lawyer's advice affected the client's state of mind with respect to a relevant matter. *Rhone-Poulenc* [*Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994)]. Rather, advice of counsel is raised only when the client asserts a claim or defense and attempts to prove that claim or defense by disclosing or describing an attorney-client communication. *Id*. This may occur when the party asserts reliance on the advice of counsel as an affirmative defense. *Id*. Courts rely on the language of the asserted affirmative defenses and the nature of the causes of action raised in the suit when determining waiver of the privilege. *Id*.

The same situation exists in the case now before the court. Allstate's seventh affirmative says no more than that it's actions were reasonable, appropriate, and legal. Such a general pleading is insufficient to set forth a cognizable "advice of counsel' defense and insufficient even to inject a new factual defense. It does no more than deny the plaintiff's principle allegations. *See Chicago Meat Processors, Inc. V. Mid-Century Ins. Co.*, 1996 U.S.Dist. LEXIS 4495, 7-8 (NDIll.).

---

[5] *See* footnote 4.

8

G.  **Waiver of the Privilege By Application of Fairness Principles**

Citing the court *inter alia* to *State Farm Mut. Auto. Ins. Co. v. Lee*, 13 P.3d 1169 (Ariz. 2000), Sayre argues that a recognition of Allstate's claim of attorney-client privilege would deny it a reasonable opportunity either to uncover the foundation for the coverage denial or to challenge Allstate's at least implicit reliance on any relevant advice of counsel in connection with its handling of the LAI claim. Fairness, the plaintiff argues, requires that the privilege be waived for any relevant communication which was formed the basis for the coverage denial or was otherwise relevant to Allstate's conduct.

Although the *Lee* decision can be factually distinguished because Virginia, unlike Arizona, recognizes no general bad faith tort, it appears to be more fundamentally inapposite. There does not appear to be any relevant authority to suggest that the Virginia Supreme Court is likely to relax its protection of the privilege to the degree endorsed by the Arizona court.[6] Likewise, it does not appear that the decision has been followed outside of Arizona. *See Cardtoons, L.C. v. Major League Baseball Assn.*, 199 F.R.D. 677 (NDOkla. 2001). More important, in the opinion of the undersigned the inevitable effect of the *Lee* analysis is to require a fundamental legal protection to yield in the face of any well-drawn pleading asserting a claim of bad faith.

H.  **Conclusion**

---

[6] The fundamental holding in *Lee* is that in Arizona the attorney-client privilege is waived in any case where the party asserting the privilege contends that its conduct was proper and legally permissable. *State Farm Mut. Auto. Ins. Co. V. Lee*, 13 P.3d at 1179. On its face this holding appears to stand in stark contrast to the holding of the Virginia Supreme Court that the privilege exists even when its assertion works contrary to the general administration of justice. *See* Section D above.

9

Based on the above-stated reasons, the objection of Allstate to the production of the specified documents on the basis of attorney-client privilege is sustained, and the motion of Sayre seeking to compel their production is denied.

The Clerk is hereby directed to send a certified copy of this Order, as entered, to all counsel of record herein.

DATED: this 8th day of December 2006.

_____
United States Magistrate Judge